# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **OBED RAHEEM HOYTE,** | ) | |
| | ) | |
| Petitioner, | ) | Case No. 7:06CV00078 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | By: James P. Jones |
| | ) | Chief United States District Judge |
| Respondent. | ) | |

*Obed Raheem Hoyte, pro se.*

Obed Raheem Hoyte, a federal inmate, brought this Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C.A. § 2255 (West Supp. 2005). By Opinion and Order entered February 20, 2006, I dismissed his motion as successive. Hoyte has filed a Motion for Reconsideration, arguing under *Castro v. United States*, 540 U.S. 375, 383 (2003), that his current § 2255 motion should not have been dismissed as successive because the court recharacterized an earlier post-conviction motion as his initial § 2255 motion without notice. Although the files in Hoyte's previous cases have been archived, it appears from the available court record that he is correct. Therefore, I will grant his Motion for Reconsideration in this case. In reconsidering the § 2255 motion, however, I find that it must be dismissed as without merit.

I

Hoyte pled not guilty in this court to drug and firearms charges. After a week-long trial in December 1993, a jury found Hoyte guilty of conspiracy and related drug trafficking charges. The court sentenced Hoyte on March 24,1994, to life in prison. Hoyte appealed. The United States Court of Appeals for the Fourth Circuit affirmed his convictions and sentence, and the Supreme Court later denied his petition for a writ of certiorari. *United States v. Hoyte*, 51 F.3d 1239 (4th Cir.), *cert. denied*, 516 U.S. 935 (1995). On May 21, 2001, the district court granted Hoyte's Motion to Correct Sentence, vacated his life sentence, and sentenced him to 360 months in prison as to Count 1, with all other aspects of the sentence remaining unchanged. Hoyte appealed the May 2001 ruling, and the Fourth Circuit dismissed the appeal on November 16, 2001. *United States v. Hoyte*, 22 F. App'x 146 (4th Cir. 2001) (unpublished). Hoyte signed and dated his current § 2255 motion on January 11, 2006.

II

In this § 2255 motion, Hoyte requests re-sentencing based on the United States Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005). The Supreme Court, in its *Booker* decision, extended the rule in *Blakely v. Washington*, 542 U.S. 296 (2004), to invalidate the United States Sentencing Guidelines in part.

The Fourth Circuit has held that *Booker* does not apply retroactively to cases on collateral review. *United States v. Morris*, 429 F.3d 65 (4th Cir. 2005). *See also United States v. Cruz*, 423 F.3d 1119, 1121 (9th Cir. 2005) (citing other cases holding *Booker* not to be retroactive).

The criminal judgment against Hoyte became final, at the latest, on February 14, 2002, when his opportunity to file a petition for a writ of certiorari regarding the resentencing order expired. *See Clay v. United States*, 537 U.S. 522, 525 (2003). Since Hoyte's conviction and sentence clearly became final prior to the decision in *Booker*, I find that *Booker* does not apply retroactively to his § 2255 motion for collateral review. Because Hoyte relies solely on *Booker* and its predecessor cases as grounds for relief in this § 2255 motion, I must dismiss his motion as without merit.[1]

A separate Final Order will be entered herewith.

---

[1] With his § 2255 motion, Hoyte also submitted a separate motion, alleging that after the date of sentencing, his parole violation charge was dismissed and, thus, his criminal offense category, which allegedly included the parole violation as part of Hoyte's prior criminal history, was too high. Hoyte brought the same claim by separate motion in his Case No. 3:93-CR-00010. I denied that motion on February 10, 2006, because I found from review of the record that the court had not considered the parole violation in determining Hoyte's criminal history category assignment; rather the court only considered the original conviction. Therefore, Hoyte fails to demonstrate any ground on which he is entitled to be resentenced.

DATED: August 16, 2006

/s/ James P. Jones
Chief United States District Judge